# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
EASTON K. HARRIS, BAR NO. 10611.

No. 71636

**FILED**

JUN 13 20??

ELIZABETH A. ??
CLERK OF SUPR?? ????
BY _____
CHIEF DEPU??

## *ORDER OF DISBARMENT*

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation that attorney Easton K. Harris be disbarred for violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.8 (conflicts of interest: current clients: specific rules), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), RPC 3.3 (candor towards tribunal), RPC 3.4 (fairness to opposing party and counsel), RPC 4.1 (truthfulness in statements to others), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct).[1] The panel further recommends that Easton be required to pay (1) restitution in the amount of $428,913.15 to his clients, (2) a fine in the amount of $50,000 to the State Bar Client Security Fund, and (3) the costs of the disciplinary proceedings in the amount of $3,000. No briefs have been filed and this matter stands submitted for decision based on the record. SCR 105(3)(b).

---

[1]This court temporarily suspended Harris from the practice of law in December 2015. *In re Discipline of Harris*, Docket No. 69104 (Order Imposing Temporary Suspension, December 2, 2015).

 

17-19520

The complaint charged Harris with committing 116 violations of the Rules of Professional Conduct with respect to 23 clients over a period of several years. The State Bar has the burden of showing by clear and convincing evidence that Harris committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Harris failed to answer the complaint and a default was entered. SCR 105(2). The record therefore establishes that Harris violated the above-referenced rules by charging and retaining fees without performing the work he was retained to do, failing to disburse funds held in trust for clients, failing to safekeep client funds and converting those funds for his own use, failing to adequately communicate with his clients and misrepresenting the status of their cases, making false statements to the court and to opposing parties, failing to respond to motions and discovery orders and appear at hearings, soliciting improper loans from clients and failing to repay those loans, fraudulently obtaining money from investors, and failing to respond to the lawful demands by the State Bar in regard to grievances filed by the complaining clients. Notably, the State Bar sent dozens of investigative inquiries by certified and regular mail to Harris's SCR 79 address, to the address of his counsel of record, and to other addresses where he might be located, yet Harris did not respond to those inquiries.[2]

_____

[2]The record reflects that Harris was aware of the disciplinary investigation, as he retained counsel to defend him after receiving the first ten grievances. The State Bar informed Harris's counsel of their intent to seek disbarment, and counsel later withdrew due to Harris's lack of communication.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Harris violated duties owed to his clients, the legal system, and the legal profession. The conduct alleged in the complaint appears to have been intentional or knowing. His conduct resulted in serious harm to many of the clients—he deprived them of thousands of dollars to which they were entitled and his failure to appear at hearings and file necessary pleadings harmed his clients' cases and caused judgments and awards of attorney fees to be entered against many of them. His conduct also caused injury to the legal system and to the legal profession, which relies on the self-regulating disciplinary system.

The baseline sanction for his misconduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See, e.g.*, ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (2016) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."); *id.*, Standard 4.61 ("Disbarment is generally appropriate when a lawyer

SUPREME COURT
OF
NEVADA

(O) 1947A

3

knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client."); *id.* at 452 (observing that when there are multiple charges of misconduct, "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct").

The hearing panel found only one mitigating circumstance: no prior disciplinary record, SCR 102.5(2). We agree with the hearing panel that this single mitigating circumstance does not warrant discipline less than disbarment, particularly considering the numerous aggravating circumstances found by the panel (dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, vulnerability of the victims, and indifference to making restitution, SCR 102.5(1)). While we are mindful that disbarment in Nevada is irrevocable, SCR 102(1), Harris's egregious misconduct and his demonstrated indifference to the disciplinary proceedings indicate that disbarment is necessary in this instance to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Accordingly, we disbar attorney Easton K. Harris from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Harris shall pay a fine in the amount of $50,000 to the State Bar Client Security Fund and pay restitution in full to his clients. Harris shall also pay the costs of the disciplinary proceedings in the amount of $3,000

within 30 days from the date of this order. *See* SCR 120(1). The parties shall comply with the relevant provisions of SCR 115 and 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                      Gibbons

_____, J.          _____, J.
Pickering                    Hardesty

_____, J.          _____, J.
Parraguirre                  Stiglich

cc:   Chair, Southern Nevada Disciplinary Board
      Easton K. Harris
      C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court